IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 11, 2015

**MARQUES JOHNSON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**Nos. 2010-C-2568, 2010-D-3338      Steve R. Dozier, Judge**

_____

**No. M2014-01419-CCA-R3-PC – Filed February 26, 2015**

_____

Petitioner, Marques Johnson, entered into a plea agreement in two separate cases.  In the first case, Petitioner pled guilty to two counts of burglary of a motor vehicle and one count of theft of property valued over $500 and was sentenced to an effective sentence of six years.  In the second case, Petitioner pled guilty to two counts of burglary of a motor vehicle and one count of theft of property valued over $1,000 and was sentenced to an effective sentence of twelve years.  The trial court held a sentencing hearing and determined that the sentences should run consecutively, for a total effective sentence of eighteen years.  This Court affirmed that decision on direct appeal.  *State v. Marques Sanchez Johnson*, No. M2012-00169-CCA-R3-CD, 2012 WL 5188136 (Tenn. Crim. App. Oct. 18, 2012), *perm. app. denied* (Tenn. Jan. 22, 2013).  Petitioner subsequently filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel and that he did not enter his plea knowingly and voluntarily.  Petitioner claimed that his trial counsel never informed him of his right to testify at the sentencing hearing or to make a statement of allocution.  After a hearing, the post-conviction court denied relief, finding that Petitioner had not proven his claim by clear and convincing evidence.  After a thorough review of the record, we affirm the decision of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Ryan C. Caldwell, Nashville, Tennessee, for the Petitioner, Marques Johnson.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Rachel Sobrero, Assistant District Attorney General, for the Respondent, State of Tennessee.

**OPINION**

*Factual Background*

Petitioner's underlying convictions and sentences stem from two separate indictments. In September of 2010, Petitioner was indicted for two counts of burglary of a motor vehicle, one count of theft of property valued over $500, one count of theft of property valued less than $500, and one count of evading arrest. In November of 2010, Petitioner was indicted for two counts of burglary of a motor vehicle, one count of theft of property valued over $1,000, two counts of theft of property valued over $500, and one count of theft of property valued less than $500. *See Marques Sanchez Johnson*, 2012 WL 5188136, at *1.

On October 17, 2011, Petitioner entered into a plea agreement to dispose of both cases simultaneously. In the first case, Petitioner pled guilty to two counts of burglary of a motor vehicle and one count of theft of property valued over $500 and was sentenced to an effective sentence of six years. In the second case, Petitioner pled guilty to two counts of burglary of a motor vehicle and one count of theft of property valued over $1,000 and was sentenced to an effective sentence of twelve years. All other charges were dismissed. As part of the agreement, the trial court held a sentencing hearing to determine whether the sentences in the two cases should run concurrently or consecutively. The trial court determined that the sentences should run consecutively, for a total effective sentence of eighteen years. This Court affirmed that decision on appeal. *Id.* at *5. The Tennessee Supreme Court denied Petitioner's application for permission to appeal.

On December 10, 2013, Petitioner filed a pro se petition for post-conviction relief. Appointed counsel filed an amended petition on May 13, 2014. As it relates to this appeal, Petitioner claimed that he received ineffective assistance of counsel because his trial counsel failed to inform him of his right to testify at the sentencing hearing or to make a statement of allocution. Petitioner also claimed that, without knowing these rights, his guilty plea was not voluntarily or intelligently made. A hearing was held on June 19, 2014.

At the post-conviction hearing, Petitioner testified that trial counsel never told him that he had a right to testify at the sentencing hearing. The trial court also did not inform him of this right. If he had testified, Petitioner stated that he would have admitted that he "made some mistakes in the past," but would have pointed out that most of his crimes were either misdemeanors or juvenile offenses. He would have also tried to "probably apologize to the victims that I did something to them."

Petitioner also testified that trial counsel did not adequately investigate the value of the stolen property. He believed that some of the felony thefts could have been reduced to misdemeanor thefts. Petitioner also claimed that trial counsel did not inform him of other plea offers from the State. Petitioner testified that trial counsel told him that the most time he could get would be twelve years. However, Petitioner admitted that he understood the terms of the plea agreement, including the provision that the trial court would determine whether the sentences from the two cases would be served concurrently or consecutively. Petitioner acknowledged that he accepted the plea agreement because of the risk of a longer sentence if he was convicted at trial.

Trial counsel testified that he had been practicing law since 2008, and that over 95 percent of his cases were criminal defense. Trial counsel was appointed to Petitioner's case after Petitioner was indicted. Trial counsel received discovery from Petitioner's former attorney, which he reviewed with Petitioner. Trial counsel hired an investigator once Petitioner's case was set for trial. Trial counsel testified that he had multiple discussions with Petitioner throughout the case, including discussions about the charges he faced and the plea offers from the State. Trial counsel testified that he corresponded with Petitioner frequently and that Petitioner had a "real good grasp" on the case.

Trial counsel testified that Petitioner initially rejected a plea offer for a total effective sentence of twelve years because it was "too much time." Trial counsel testified that once this offer was taken off the table by the State, he continued to negotiate with State for a better deal, but the best the State offered was the arrangement to which Petitioner ultimately agreed: a six-year sentence in one case and a twelve-year sentence in the other case, with the trial court to determine whether the sentences would run concurrently or consecutively. Trial counsel denied that he ever told Petitioner that the most time he could get would be twelve years. Trial counsel testified that Petitioner understood the plea agreement and that it was his choice to accept the offer.

Trial counsel testified that he discussed with Petitioner his right to testify at the sentencing hearing and the possibility of making a statement of allocution. Trial counsel advised Petitioner that his testimony would not be necessary in light of the other witnesses he presented at the sentencing hearing. However, trial counsel stated that it was Petitioner's decision not to testify.

On June 30, 2014, the post-conviction court filed an order denying post-conviction relief. The post-conviction court accredited the testimony of trial counsel "that he thoroughly consulted with the [P]etitioner regarding his case and possible sentencing scenarios." The post-conviction court found that Petitioner had not proven by clear and convincing evidence that trial counsel failed to inform him of his right to allocution and that Petitioner had not established prejudice from the supposed failure. The post-conviction court found that Petitioner "was informed and had sufficient knowledge of the nature and consequences of the plea and that he voluntarily and intelligently chose to enter the guilty plea."[1]

Petitioner filed a timely notice of appeal.

*Analysis*

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

Both the Sixth Amendment to the Constitution of the United States and Article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that deficiency prejudiced the defense. *See Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance

---

[1] The post-conviction court's order also addressed several claims made in Petitioner's original pro se petition and dismissed those claims for lack of evidence. These claims were not raised on appeal and are, therefore, deemed abandoned. *See Ronnie Jackson, Jr. v. State*, No. W2008-02280-CCA-R3-PC, 2009 WL 3430151, at *6 n.2 (Tenn. Crim. App. Oct. 26, 2009) ("While the Petitioner raised additional issues in his petition for post-conviction relief, he has abandoned those issues on appeal.").

or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

The test for deficient performance is "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. To be considered deficient, counsel's acts or omissions must fall below an objective standard of reasonableness under prevailing professional norms. *Id.*; *Henley*, 960 S.W.2d at 579. This Court "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Burns*, 6 S.W.3d at 462. This Court will not use hindsight to second-guess a reasonably-based trial strategy. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the tactical decisions of trial counsel, however, is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694). In the context of a guilty plea, the specific inquiry is whether "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Calvert v. State*, 342 S.W.3d 477, 486 (Tenn. 2011) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). In this respect, such claims of ineffective assistance necessarily implicate the requirement that guilty pleas be voluntarily and intelligently made. *Hill*, 474 U.S. at 56 (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant," *Alford*, 400 U.S. at 31, considered under the totality of the circumstances. *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995); *see Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993).

Whether a petitioner has been denied the effective assistance of counsel presents a mixed question of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). This Court will review the post-conviction court's findings of fact "under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). This Court will not re-weigh or re-evaluate the evidence presented or substitute our own inferences for those drawn by the trial court. *Henley*, 960 S.W.2d at 579. Questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court. *Momon*, 18 S.W.3d at 156 (citing *Henley*, 960 S.W.2d at 578). However, the post-conviction court's

conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

Petitioner alleges that he received ineffective assistance of counsel because his trial counsel failed to inform him of his statutory right of allocution. Allocution is "[a]n unsworn statement from a convicted defendant to the sentencing judge or jury in which the defendant can ask for mercy, explain his or her conduct, apologize for the crime, or say anything else in an effort to lessen the impending sentence. This statement is not subject to cross-examination." *State v. Keathly*, 145 S.W.3d 123, 125 (Tenn. Crim. App. 2003) (quoting *Black's Law Dictionary*, 75 (7th ed. 1999)).

There is no constitutional right to allocution. *See State v. Stephenson*, 878 S.W.2d 530, 551-52 (Tenn. 1994), *abrogated on other grounds by State v. Saylor*, 117 S.W.3d 239 (Tenn. 2003) (citing *Hill v. United States*, 368 U.S. 424 (1962)); *State v. Burkhart*, 541 S.W.2d 365, 371 (Tenn. 1976)). A defendant is not required to provide a statement in allocution, and the sentencing judge is only required to consider "[a]ny statement the defendant *wishes* to make in the defendant's own behalf about sentencing." T.C.A. § 40-35-210(b)(7) (emphasis added). "Clearly, any defendant's right to allocution is depend[e]nt on that defendant's desire to make a statement." *Joseph B. Thompson v. State*, No. E2004-00920-CCA-R3-PC, 2005 WL 2546913, at *27 (Tenn. Crim. App. Oct. 12, 2005), *perm. app. denied* (Tenn. Jan. 30, 2006). Although a trial court's refusal to allow allocution is reversible error, trial courts are not required to inquire whether the defendant wishes to make any such statement.[2] *State v. Robert Eugene Crawford, Jr.*, No. E2012-00001-CCA-R3-CD, 2013 WL 4459009, at *27 (Tenn. Crim. App. Aug. 19, 2013); *see also Keathly*, 145 S.W.3d at 126 (quoting *United States v. De Alba Pagan*, 33 F.3d 125, 129, 30 (1st Cir. 1994)).

Trial counsel testified that he did discuss with Petitioner both the opportunity to give a statement in allocution and the right to testify at the sentencing hearing. Trial counsel testified that he advised Petitioner against testifying or making a statement and that Petitioner agreed with his advice. Trial counsel stated that it was Petitioner's decision not to testify. The post-conviction court accredited trial counsel's testimony. Petitioner did not prove by clear and convincing evidence that trial counsel's performance was deficient in this regard.

Even if trial counsel failed to inform Petitioner of his statutory right to allocution, Petitioner has failed to demonstrate how he was prejudiced. *See Mark C. Noles v. State*, No. M2009-02073-CCA-R3-CD, 2010 WL 2867180, at *11 (Tenn. Crim. App. Jul. 22,

---

[2] Federal courts are required to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(1)(4)(A)(iii). "Such is not the rule in the State of Tennessee." *Robert Eugene Crawford, Jr.*, 2013 WL 4459009, at *27.

2010), *perm. app. denied* (Tenn. Nov. 10, 2010); *Joseph B. Thompson*, 2005 WL 2546913, at *27. The only issue before the sentencing court was whether the sentences in the two cases would be served concurrently or consecutively. As previously determined by this Court on direct appeal, there was ample evidence in the record to support the sentencing court's finding that Petitioner was a "professional criminal" and that his criminal record was "extensive" under Tennessee Code Annotated sections 40-35-115(b)(1) and (2).[3] *See Marques Sanchez Johnson*, 2012 WL 518836, at *4. Petitioner's apology "that I did something to" the victims most likely would have had no bearing on the sentencing court's conclusions.

Petitioner also failed to prove that he did not enter into his guilty plea knowingly and voluntarily. Trial counsel testified that he had numerous discussions with Petitioner, that they discussed case details and various plea offers at length, and that he had no doubt that Petitioner understood the final plea agreement. At the sentencing hearing, Petitioner acknowledged that he understood his rights and the terms of the plea agreement and that he was entering the plea voluntarily. At the post-conviction hearing, Petitioner again acknowledged that he understood the terms of the plea agreement and that he agreed to plead guilty in order to avoid a possibly lengthier sentence. The post-conviction court accredited the testimony of trial counsel and found that Petitioner failed to prove by clear and convincing evidence that he did not enter his plea knowingly and voluntarily. We agree with the post-conviction court. Petitioner is not entitled to relief.

*Conclusion*

Based on the foregoing reasons, we affirm the decision of the post-conviction court.

_____
TIMOTHY L. EASTER, JUDGE

---

[3] Trial counsel did call Petitioner's mother and aunt to testify. On cross-examination, both women acknowledged Petitioner's extensive criminal history and the fact that he primarily supported himself with crimes of theft. *See Marques Sanchez Johnson*, 2012 WL 518836, at *3.